UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATALYST LIFESTYLE LIMITED,<br><br>                                    Plaintiff,<br><br>v.<br><br>ELAGO CO., LTD; and ELYEL CORPORATION,<br><br>                                    Defendants. | Case No.: 22cv536-LL-MDD<br><br>**ORDER DENYING JOINT MOTION TO DEEM SUMMONS AND COMPLAINT SERVED ON DEFENDANT ELAGO CO., LTD**<br><br>**[ECF No. 15]** |

This matter is before the Court on the parties' Joint Motion to Deem Summons and Complaint Served on Defendant Elago Co., Ltd ("Elago") ("Motion" or "Mot."). ECF No. 15, Mot. For the reasons stated in this Order, the parties' Joint Motion is **DENIED**.

**I.      BACKGROUND**

On April 18, 2022, Plaintiff Catalyst Lifestyle Limited ("Plaintiff") filed the Complaint in this action against Defendant Elago and Defendant Elyel Corporation ("Elyel") (collectively "Defendants") alleging patent and trademark infringements. ECF No. 1 ("Complaint"). Defendant Elyel was properly served, and on August 29, 2022, Elyel filed an answer to the Complaint with counterclaims against Plaintiff. ECF No. 9.

Defendant Elago is a Korean corporation with its principal place of business at 212-704, 46, Wi city 4-ro, Ilsandong-gu, Goyang-si, Gyeonggi-do, Republic of Korea 10322.

Complaint ¶ 7. Plaintiff attempted to effect service on Elago in accordance with the Hague Convention through the Central Authority of Korea. Mot. at 2. On October 17, 2022, Plaintiff met and conferred with Defendant Elyel "about completing service on Defendant Elago, which shares common ownership and management with Defendant Elyel." *Id.* Plaintiff thereafter emailed Defendant Elyel, through Elyel's undersigned counsel, all documents prepared and provided to the Central Authority of Korea for service on Defendant Elago, including a Korean-translated version of the Complaint. *Id.*

On October 25, 2022, the parties jointly filed the Motion requesting the Court deem service of process properly effectuated and completed on Defendant Elago given Plaintiff's efforts to follow the steps identified in the Hague Service Convention, the meet and confer of the parties, and the email exchange of documents through counsel. *Id.* at 3.

## II.   LEGAL STANDARD

Rule 4(f) of the Federal Rules of Civil Procedure dictates the acceptable methods of serving individuals in a foreign country. Fed. R. Civ. P. 4(f). If there is an "internationally agreed means of service that is reasonably calculated to give notice," then service in a foreign country is permissible by such internationally agreed means as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention" or "Convention"), or "by any other means not prohibited by international agreement, as the court orders." Fed R. Civ. P. 4(f)(1), (3). Court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) unless prohibited by the Hague Convention. *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002).

Alternative methods of service permissible under Rule 4(f)(3) include such means as "publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. However, any method of service, "[e]ven if facially permitted by Rule 4(f)(3), . . . must also comport with constitutional notions of due process." *Id.* In other words, the method of service "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the

pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected[.]" *Mullane*, 339 U.S. at 315. Ultimately, the court has discretion to determine "when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Props.*, 284 F.3d at 1016.

## III. DISCUSSION

Plaintiff points to its efforts to attempt to complete the steps for service, including: (1) attempting physical service on Defendant Elago through the Central Authority of Korea; (2) meeting and conferring with Defendant Elyl about completing service on Defendant Elago; and (3) emailing Defendant Elyl, through Elyel's and Elago's undersigned counsel, all documents prepared and provided to the Central Authority of Korea for service on Defendant Elago, which included a Korean-translated version of the Complaint. Mot. at 2.

### A. Plaintiff's Attempted Service Through the Central Authority of Korea

Plaintiff first attempted service through the procedures set forth in the Hague Convention. The Republic of Korea is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Under the terms of the Convention, service in a foreign country must usually be performed by a receiving country's "Central Authority," which is provided with the documents and effects service in the member country. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("The primary means by which service is accomplished under the [Hague] Convention is through a receiving country's 'Central Authority.'"); *see also* Hague Convention, Ch. 1, Art. 3 ("The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention").

Here, Defendant Elago is located in Korea, a signatory to the Hague Convention referenced in Rule 4(f)(1). *See* Complaint ¶ 7. In efforts to conform with the Convention's procedures, Plaintiff attempted physical service of a Korean-translated version of the complaint and a copy of the summons through the Central Authority of Korea. Mot. at 2. Plaintiff, however, was unsuccessful in its attempt to service Elago. *Id.* The Court now turns to whether Plaintiff's alternative efforts to complete service can be deemed effectuated as to Defendant Elago pursuant to Rule 4(f)(3).

### B. Plaintiff's Attempted Service by Email Upon U.S.-Based Counsel

Plaintiff's next method, service by email upon Defendants' United States-based counsel, does not implicate the Hague Convention because it does not involve the transmission of judicial documents for service abroad. Here, Plaintiff sent an email in the United States to Defendants' undersigned counsel in the United States. Under these service methods, Plaintiff would not be transmitting judicial documents for service abroad, and therefore, the Hague Convention would not apply. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("[i]f valid service occurs in the United States . . . the Convention is not implicated regardless of the location of the party."). Since the Hague Convention does not apply, service of process by email is permitted under Rule 4(f)(3). *See Rio Props.*, 284 F.3d at 1015.

The Ninth Circuit has frequently held that service by email under Rule 4(f)(3) is proper so long as that service is reasonably calculated to give the parties notice and an opportunity to respond. *Id.* at 1017. The Ninth Circuit has made clear, however, that under "*Rio* (and in all the cases it cites as applying Rule 4(f)(3))," a movant "must obtain ***prior*** court approval for the alternative method of serving process." *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) (emphasis added).

Here, the parties move to deem service of the summons and complaint effective without prior court approval. While the courts, including the courts in this district, have previously approved alternative service by email, this was only in response to and after the parties had already filed a motion permitting service of process by email. *See TI, Limited*

*v. Chavez*, 2020 WL 3316974, at *5 (S.D. Cal. June 18, 2020) (court granted the plaintiff's motion permitting service of process by email as to the defendants); *SEC v. de Nicolas Gutierrez*, 2020 WL 1307143, at *3 (S.D. Cal. Mar. 19, 2020) (court granted the plaintiff's motion for leave to effect alternative service of the complaint and summons on defendants); *Hawkins v. Bank of America, N.A.*, 2018 WL 1616941, at *5 (S.D. Cal. Apr. 4, 2018) (court granted an ex parte request to authorize alternative service of process on Defendant's United States-based counsel by email). Plaintiff cannot merely deem its own email service on Elago's United States-based counsel as effectuated but must first request the court to assess whether alternative service for Defendant Elago is permitted under Rule 4(f)(3). *See Rio Props.*, 284 F.3d at 1014 (it falls within the court's discretion to determine "when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."); *Guifu Lu v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 388 (N.D. Cal. 2012) ("Pursuant to Rule 4(f)(3), a court may direct [alternative means of] service when 'the facts and circumstances of the present case necessitate the district court's intervention.'"). As such, this Court must deny the Motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion as follows:

1. The parties' Joint Motion to Deem Summons and Complaint Served on Defendant Elago is **DENIED**.

2. A new motion requesting the court authorize alternative service of process on Defendant Elago is due within seven (7) days from the date of this Order. Any responses shall be filed within five (5) days after the motion is filed, and any replies shall be filed within five (5) days after the responses are filed.

**IT IS SO ORDERED.**

Dated:  November 15, 2022

_____
Honorable Linda Lopez
United States District Judge