UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATALYST LIFESTYLE LIMITED,<br><br>                             Plaintiff,<br>v.<br>ELAGO CO., LTD and ELYEL CORPORATION,<br><br>                             Defendants. | Case No.:  22cv536-LL-MMP<br><br>**CLAIM CONSTRUCTION ORDER** |
| ELAGO CO., LTD and ELYEL CORPORATION,<br><br>                             Counter Claimants,<br>v.<br>CATALYST LIFESTYLE LIMITED,<br>                             Counter Defendant. | |

In the present action, Plaintiff Catalyst Lifestyle Limited ("Plaintiff") asserts, among other claims, a claim for infringement of United States Design Patent No. D794,617 ("the '617 Patent") against Defendants Elago Co., Ltd and Elyel Corporation (collectively "Defendants"). *See* ECF No. 1, Complaint ("Compl.") ¶¶ 14–17, 74–78. On March 7, 2023,

the parties filed their joint claim construction hearing statement, chart, and worksheet pursuant to Patent Local Rule 4.2. ECF No. 36. On April 4, 2023, the parties filed their opening claim construction briefs. ECF Nos. 40, 41. On May 2, 2023, the parties filed their responsive claim construction briefs. ECF Nos. 48, 49.

On September 8, 2023, the Court issued a tentative claim construction order. On September 13, 2023, the parties submitted on the tentative claim construction. Accordingly, the Court vacated the claim construction hearing that was scheduled for September 21, 2023. ECF No. 63.

Having been informed by the parties that they submit on the Court's tentative ruling, the Court adopts its tentative claim construction order, as set forth below, as its final ruling on the claim construction.

I.   BACKGROUND

Plaintiff is a designer, manufacturer, and seller of products that protect a user's mobile electronic devices, including waterproof cases for AirPods®. *See* Compl. ¶¶ 8–10, 24–25. Plaintiff is the assignee and owner of the '617 Patent. United States Design Patent No. D794,617, at [73] (issued Aug. 15, 2017). Plaintiff alleges that Defendants infringe the '617 Patent by making, using, importing, offering for sale, and/or selling competing waterproof headphone case products. *See* Compl. ¶¶ 40–70, 74–78.

The '617 Patent is a design patent entitled "Sleeve for Electronic Device" and was issued on August 15, 2017. '617 Patent at [45], [54]. The '617 Patent contains a single claim reciting: "The ornamental design for a sleeve for electronic device, as shown and described." *Id.* at [57].

The ten figures in the '617 Patent are set forth below:

/ / /
/ / /
/ / /
/ / /
/ / /



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7



FIG. 8



FIG. 9



FIG. 10

On April 18, 2022, Plaintiff filed a Complaint against Defendants, alleging claims for: (1) patent infringement; (2) infringement of registered trade dress under Section 32 of the Lanham Act, 15 U.S.C. § 1114(a); (3) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) unfair competition in violation of California Business and Professions Code §§ 17200 et seq.; (5) common law trademark infringement and unfair competition; (6) unjust enrichment; and (7) civil conspiracy. Compl. ¶¶ 74–124. On August 29, 2022, Defendants filed an answer and counterclaim to Plaintiff's Complaint. ECF No. 11.

On March 7, 2023, the parties filed a joint hearing statement, chart, and worksheet and claim construction briefing disputing the proper construction of the sole claim in the '617 Patent. *See* ECF No. 36 at 2, 8–10. The parties filed their respective opening claim construction briefs and responsive claim construction briefs. ECF Nos. 40, 41, 48, 49.

## II.   LEGAL STANDARD

Claim construction is an issue of law for the court to decide. *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 326 (2015); *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). A district court's duty at the claim construction stage is to resolve disputes about a claim's scope that have been raised by the parties. *Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016) (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008)).

A patent may be obtained for the "new, original and ornamental design [of] an article of manufacture." 35 U.S.C. § 171(a); *see Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010) ("[A] design patent, unlike a utility patent, limits protection to the ornamental design of the article."). "[D]esign patents protect the overall ornamentation of a design, not an aggregation of separable elements." *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016). With respect to claim construction for design patents, the Federal Circuit has "instructed trial courts that design patents 'typically are claimed as shown in drawings.'" *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1342 (Fed. Cir. 2020) (quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679–

80 (Fed. Cir. 2008) (en banc)). "Words cannot easily describe ornamental designs." *Sport Dimension*, 820 F.3d at 1320. Thus, a design patent's claim is "often better represented by illustrations than a written claim construction." *Id.* (citing *Egyptian Goddess*, 543 F.3d at 679).

Nevertheless, there are "a number of claim scope issues" that can arise with respect to design patents "which may benefit from verbal or written guidance." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333 (Fed. Cir. 2015). The Federal Circuit has explained:

> [A] trial court can usefully guide the finder of fact by addressing a number of other issues that bear on the scope of the claim. Those include such matters as describing the role of particular conventions in design patent drafting, such as the role of broken lines; assessing and describing the effect of any representations that may have been made in the course of the prosecution history; and distinguishing between those features of the claimed design that are ornamental and those that are purely functional.

*Egyptian Goddess*, 543 F.3d at 680 (citations omitted). "[I]n deciding whether to attempt a verbal description of the claimed design, [a district] court should recognize the risks entailed in such a description, such as the risk of placing undue emphasis on particular features of the design and the risk that a finder of fact will focus on each individual described feature in the verbal description rather than on the design as a whole." *Egyptian Goddess*, 543 F.3d at 679–80. "[A] district court's decision regarding the level of detail to be used in describing the claimed design is a matter within the court's discretion." *Id.* at 679.

## III. ANALYSIS

The sole claim in the '617 Patent recites: "The ornamental design for a sleeve for electronic device, as shown and described." '617 Patent at [57]. Plaintiff proposes that this claim be construed as: "The overall visual impression of the ornamental design of a sleeve for electronic device, as shown and described in FIGs 1–10 of United States Design Patent D704,617." ECF No. 36 at 2, 8–10. Defendants propose that this claim be construed as: "The two-piece, ornamental design for a sleeve for an electronic device, as identified by

the solid lines in each and every one of Figures 1-10 of the Design Patent taken collectively." *Id.*

In presenting these competing proposed constructions, the parties agree that the Court's construction for the claim should include the phrase "ornamental design for a sleeve for an electronic device." ECF No. 36 at 2–3. Accordingly, the Court will include that phrase in its construction of the claim.

Further, the parties agree that all figures in the '617 Patent must be considered collectively. *See* ECF No. 41 at 8 ("all figures must necessarily be considered as part of the overall design as a whole" (emphasis in original)); ECF No. 48 at 3 ("the design is defined collectively by Figures 1 through 10"); *see also Contessa Food Prod., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1379 (Fed. Cir. 2002), *abrogated on other grounds by Egyptian Goddess*, 543 F.3d 665 ("[T]he 'ordinary observer' analysis is not limited to the ornamental features of a subset of the drawings, but instead must encompass the claimed ornamental features of all figures of a design patent."). Accordingly, the Court will include that clarification in its construction of the claim.

Next, the Court turns to the disputed portions of the parties' proposed constructions. In presenting their competing proposals, the parties present two disagreements regarding the proper construction of the '617 Patent's claim. First, the parties disagree as to whether the Court's construction should specifically describe the claimed design as being a "two-piece" design. *See* ECF No. 36 at 2–3. Second, the parties disagree as to whether the Court's construction should specifically explain that the claimed design is "identified by solid lines." *See id.* The Court addresses these two issues in turn.

Defendants request that the Court's claim construction specifically describe the claimed ornamental design as a "two-piece" design. *See* ECF No. 36 at 2–3; ECF No. 40 at 3–4; ECF No. 48 at 5–6. Plaintiff argues that Defendants' proposal is improper because it inaccurately characterizes the overall claimed design based on one small aspect shown in just two of the '617 Patent's ten figures. *See* ECF No. 36 at 2–3; ECF No. 41 at 4–5; ECF No. 49 at 2–4.

Figures 9 and 10 of the '617 Patent depict an "exploded" view of the claimed ornamental design, and the Court acknowledges that the two figures show the claimed sleeve design as a two-piece design, where the design includes a removable charging port cover. *See* '617 Patent figs. 9, 10. Nevertheless, the Federal Circuit has cautioned courts during claim construction of a design patent to recognize "the risk of placing undue emphasis on particular features of the design and the risk that a finder of fact will focus on each individual described feature in the verbal description rather than on the design as a whole." *Egyptian Goddess*, 543 F.3d at 680; *see also Lanard*, 958 F.3d at 1343 ("To be clear, the 'ordinary observer' test for design patent infringement requires the fact finder to 'compar[e] similarities in overall designs, not similarities of ornamental features in isolation.'" (quoting *Ethicon*, 796 F.3d at 1335)). Here, Defendants' "two-piece" proposal is improper because it places "undue emphasis" on one particular feature of the claimed design, creating a risk that the finder of fact might improperly focus on that specific feature in isolation instead of on the design as a whole. *See Egyptian Goddess*, 543 F.3d at 680. Accordingly, the Court declines to include Defendants' proposed "two-piece" language in its construction of the claim.

Further, Defendants request that the Court's claim construction specifically explain that the claimed design is identified by the "solid lines" in Figures 1-10. *See* ECF No. 36 at 2–3; ECF No. 40 at 3–4; ECF No. 48 at 3–5. In response, Plaintiff concedes that the figures in the design patent have solid lines that define the design and broken lines that do not. *See* ECF No. 49 at 2–3. Nevertheless, Plaintiff asserts that it would be an error to include an explanation regarding the role of broken lines in the Court's claim construction. *See id.* at 3.

The Federal Circuit has explained that it is appropriate to construe a design patent claim to describe "the role of broken lines" in design patent drafting. *Egyptian Goddess*, 543 F.3d at 680 (citing 37 C.F.R. § 1.152). Under the regulations governing design patent drafting, if certain features appearing in the figures of a design patent are not desired to be claimed, a patentee "is permitted to show the features in broken lines to exclude those

features from the claimed design." *Contessa*, 282 F.3d at 1379; *see, e.g.*, *Campbell Soup Co. v. Gamon Plus, Inc.*, 10 F.4th 1268, 1271 (Fed. Cir. 2021) ("Many features in the above figure are drawn using broken lines, which, consistent with 37 C.F.R. § 1.152, means they 'represent the article in which the claimed design is embodied, but . . . form[] no part of the claimed design.'"). Conversely, a patentee's failure to use broken lines in the design patent's figures to depict a particular ornamental shape or feature signals that a particular shape or feature is included in the claimed design. *See, e.g.*, *Unique Indus., Inc. v. 965207 Alberta Ltd.*, 722 F. Supp. 2d 1, 10 (D.D.C. 2009) ("[T]he defendant's failure to depict the '?'-shaped sparkler in broken lines signals the inclusion of that shape in the claimed design."); *Junker v. Med. Components, Inc.*, 2017 WL 4922291, at *5 (E.D. Pa. Oct. 31, 2017) ("[A]ll of the figures within the D'839 Patent clearly depict the hub feature in solid lines. Accordingly, this feature must be considered part of the overall ornamental design *unless* it is purely functional." (emphasis in original)).

Consistent with these principles, the "Description" of the '617 Patent explains with respect to the patent's figures: "The broken lines indicate environment and form[] no part of the claimed design." '617 Patent at Description. As such, it is proper to include an explanation that the claimed design encompasses everything depicted by the solid lines in Figures 1-10 and that the broken lines in those figures form no part of the claimed design in the Court's construction of the '617 Patent's claim. *See Furrion Prop. Holding Ltd. v. Way Interglobal Network, LLC*, 2021 WL 1625148, at *4 (N.D. Ind. Apr. 27, 2021) ("[T]he focus for claims construction purposes must be on the solid lines only. This is because broken lines in a drawing for a utility patent are not considered part of the claimed design."); *see, e.g.*, *Shure Inc. v. Clearone, Inc.*, 2020 WL 6074233, at *9 (D. Del. Oct. 15, 2020) (construing a design patent claim as "The ornamental design for an array microphone assembly, as shown in the solid lines and associated claimed surfaces of Figures 1-6 and described in the specification of the '723 patent. The broken lines in Figures 1-6 of the '723 patent form no part of the claimed design."); *Junker*, 2017 WL 4922291, at *7 (construing a design patent claim as "The D'839 Patent claims the ornamental design of a

handle for an introducer sheath, as shown in Figures 1–9. The broken lines in the Figures of the D'839 Patent represent unclaimed subject matter.").

In sum, the Court adopts a modified version of Defendants' proposed construction. The Court construes the '617 Patent's claim "[t]he ornamental design for a sleeve for electronic device, as shown and described" as: "The ornamental design for a sleeve for an electronic device, as identified by the solid lines in each and every one of Figures 1-10 of the '617 Patent taken collectively. The broken lines in Figures 1-10 form no part of the claimed design."

## IV.   CONCLUSION

For the above reasons, the Court **CONSTRUES** the '617 Patent's claim as set forth above.[1]

**IT IS SO ORDERED.**

Dated:  September 21, 2023

Honorable Linda Lopez
United States District Judge

---

[1] In Defendants' responsive claim construction brief, Defendants assert that Plaintiff's references to prior art in its opening claim construction brief are improper and should be stricken. *See* ECF No. 48 at 6–8. In Plaintiff's responsive claim construction brief, Plaintiff asserts that if Defendants attempt to raise any functionality or prior art issues in their responsive claim construction brief, the Court should strike and exclude those arguments. *See* ECF No. 49 at 4–7. Here, the claim construction order does not cite to or rely on any of the parties' arguments regarding the prior art or functional features of the design. As such, both parties' competing requests to strike are **MOOT**.