UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATALYST LIFESTYLE LIMITED,<br><br>                                   Plaintiff,<br><br>v.<br><br>ELAGO CO., LTD, et al.,<br><br>                                Defendants. | Case No.: 22-cv-536-LL-MMP<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>[ECF No. 62] |
| ELAGO CO., LTD, et al,<br><br>                          Counter Claimants,<br><br>v.<br><br>CATALYST LIFESTYLE LIMITED,<br><br>                         Counter Defendant. | |

Pending before the Court is Plaintiff Catalyst Lifestyle Limited's ("Plaintiff") Motion for Sanctions Regarding Defendants' Violation of the Court's Discovery Order, in which Plaintiff seeks exclusionary sanctions against Defendants Elyel Corporation and Elago Co., Ltd ("Defendants") for alleged violations of the Court's June 6, 2023 Order. [ECF No. 62.] Defendants filed an opposition, Plaintiff filed a reply, and Defendants filed a surreply. [ECF Nos. 64, 71, 74.] The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). [ECF No. 73.] For the reasons set forth below, the Court finds Plaintiff has not established a violation of the Court's June 6, 2023 Order and therefore **DENIES** Plaintiff's motion.

# I.     BACKGROUND

This action involves claims for infringement of a design patent and registered trade dress concerning fitted sleeves for Apple Airpods®. Four accused products sold by Defendants are at issue. On April 18, 2022, Plaintiff filed a Complaint against Defendants, alleging claims for: (1) patent infringement; (2) infringement of registered trade dress under Section 32 of the Lanham Act, 15 U.S.C. § 1114(a); (3) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) unfair competition in violation of California Business and Professions Code §§ 17200 *et seq*.; (5) common law trademark infringement and unfair competition; (6) unjust enrichment; and (7) civil conspiracy. [ECF No. 1.] On August 29, 2022, Defendants filed an answer and counterclaim to Plaintiff's Complaint. [ECF No. 9.]

## A.     Relevant Discovery Background

On December 29, 2022, Plaintiff served interrogatories and document requests concerning Defendants' gross revenues from the sale of the accused products, any costs that Defendants contend should be deducted to determine Defendants' profits, and evidence of any independent design efforts. [ECF No. 62-7 at 3, ¶ 3.] The parties agreed to extend Defendants' response deadline, and the Court granted the parties' numerous joint motions for extension of time to file Joint Motion for Determination of Discovery Dispute. [*See* ECF Nos. 38, 43, 51.]

In March 2023, Defendants produced an Excel spreadsheet reflecting their revenue and cost estimates. [ECF No. 64 at 11; ECF No. 64-2 ("Mojtehedi Decl.") at 4, ¶¶ 13, 19, Exh. M).] Defendants then volunteered to supplement their revenue and cost analysis and thereafter on April 7, 2023, produced an updated second Excel spreadsheet with revenue and costs information. [ECF No. 64 at 11; Mojtehedi Decl. ¶ 22, Exh. P).]

On June 1, 2023, Plaintiff filed a Motion to Compel Discovery, which the Court struck from the record for failure to comply with the Court's previous orders. [ECF No. 55.]

On June 6, 2023, the Court held an informal Discovery Conference before the Honorable Allison H. Goddard "to discuss the issues raised in Plaintiff's now-stricken Motion to Compel Discovery." [ECF Nos. 56, 57.] The parties discussed setting a deadline by which Defendants would produce the information requested by Plaintiff. The Court agreed to set a deadline in two weeks and specifically contemplated setting another discovery conference before the claim construction hearing.

Following the conference, the Court issued an Order, *inter alia*, titled "Setting Deadline for Defendants to Produce Supplemental Discovery Responses and Documents." [ECF No. 57.] With respect to the underlying discovery dispute, the June 6, 2023 Order states in its entirety as follows:

> The Court held a Discovery Conference in this matter on June 6, 2023, to discuss the issues raised in Plaintiff's now-stricken Motion to Compel Discovery. ECF No. 56. This order follows.
>
> As discussed during the conference, no later than **June 20, 2023**, Defendants are **ORDERED** to produce:
>
> (1) Verified supplemental responses to Plaintiff's Interrogatories 5 and 6 contained in Plaintiff's First Set of Discovery Requests, directed to each Defendant.
>
> (2) Documents to support the cost and revenue numbers contained in Defendants' "Summary of Revenue, Cost, and Profit Information" previously produced to Plaintiff on April 7, 2023;
>
> (3) Documents reflecting the initial conception, initial design, and design evolution of each of Defendants' accused products at issue in this case.

[ECF No. 57 at 2 (emphasis in original), hereinafter referred to as "June 6, 2023 Order".] Importantly for purposes of this motion, a review of the docket confirms that the parties did not brief, and the Court did issue an order ruling substantively on, the issues raised in Plaintiff's stricken motion to compel.

On June 20, 2023, Defendants served objections and supplemental responses to Interrogatories 5 and 6. [*See* ECF No. 62-3.] In response to Interrogatory No. 5, Defendants

each responded pursuant to Rule[1] 33(d) and referred to a third iteration of "a summary document that includes [Defendant's] best estimate for the total gross sales revenues based on QuickBooks records obtained and produced from Elyel Corporation." [*See* ECF No. 62-3 at 4–5, 10–11.] The summary documents are Excel spreadsheets bates numbered ELY0001178 (Exhibit PP) for Defendant Elago and ELY0001179 (Exhibit QQ) for Defendant Elyel. Defendants also directed Plaintiff to the bates number for the production of documents, which Defendants represent are "sales reports generated from various third-party retailers" and other documents. [*See* ECF No. 62-3 at 4–5, 10–11.] In response to Interrogatory No. 6, Defendants each responded by purporting to provide "its best estimate for all costs it contends should be deducted from total revenue when calculating total profits." [*See id.* at 5, 11.] Similar to the response to Interrogatory 5, Defendants each invoked Rule 33(d), referred again to "a summary document that includes [Defendant's] best estimate for the total costs incurred and the type and nature of those costs," and directed Plaintiff to a bates range of documents. Defendants also produced numerous design documents, other invoices, shipping records, and customs forms as part of their June 20, 2023 production. [*See* Mojtehedi Decl., ¶¶ 32–49, Exh Y– Z, AA–OO.]

On July 19, 2023, the parties appeared before Judge Goddard for a mandatory settlement conference. [ECF No. 59.] This action was subsequently reassigned for all further proceedings to the undersigned on July 26, 2023. [ECF No. 60.]

## B.   The Parties' Arguments

### 1.   Plaintiff's Motion for Exclusionary Sanctions

Plaintiff contends Defendants' supplemental responses and document production served June 20, 2023 fail to comply with the June 6, 2023 Order. Rather than request a continued discovery conference as contemplated during the June 6, 2023 discovery conference or otherwise seek leave to file a motion regarding the sufficiency of

---

[1] Any further reference to "Rule" is to the Federal Rule of Civil Procedure, unless otherwise expressly stated.

4

Defendants' supplemental responses, Plaintiff filed the instant motion for exclusionary sanctions on August 22, 2023. [ECF No. 62.]

In the instant motion, Plaintiff asserts Defendants violated the Court's June 6, 2023 Order in three ways. First, Plaintiff contends that Defendants failed to "to serve verified, responsive and complete interrogatory answers under oath concerning Defendants' total sales revenues and any allegedly deductible costs, for each month, from the date of first sale through June 2023." [ECF No. 62 at 2.] Plaintiff maintains that the June 6, 2023 Order required Defendants to provide full, complete, and verified answers to Interrogatories 5 and 6, without relying on Rule 33(d) or another summary document. [*Id.* at 5.] According to Plaintiff, "the fact that the Defendants had provided inadmissible summary documents instead of answering interrogatories 5 and 6 was the reason why the Court entered the [June 6, 2023] Order in the first place. The Court already ruled that referring to the summaries and making a document production was not sufficient. That is why the Court's Order was entered." [*Id.* at 8.] Plaintiff asserts that Defendants' use of Rule 33(d) and reliance on a third summary spreadsheet in its responses to Interrogatories 5 and 6 is a "flagrant violation" of the text of the June 6, 2023 Order itself. [*Id.* at 13.]

Second, Plaintiff asserts Defendants failed to produce document that correspond to and support the cost and revenue numbers contained in Defendants' "Summary of Revenue, Cost, and Profit Information" previously produced to Plaintiff on April 7, 2023." [*Id.* at 5.] Plaintiff acknowledges that on June 20, 2023, Defendants produced a third version of the summary document (Excel spreadsheet) and various other documents. However, Plaintiff contends Defendants violated the June 6, 2023 Order because none of the documents produced by Defendants correspond with any of the numbers in the April 7, 2023 summary or any of the three versions of the summaries or revenues or alleged costs. [*Id.* at 5.]

Third, Plaintiff asserts Defendants failed to produce documents reflecting the initial conception, initial design, and design evolution of each of Defendants' four accused products. [*Id.* at 2.] Though Plaintiff acknowledges that "Defendants produced one

undated, non-native, 3D image file, in PDF, for each of the four accused products," Plaintiff nonetheless argues that "[d]espite this Court's unambiguous Order, no initial conception documents were produced; no initial design documents were produced; and no design evolution documents were produced." [*Id.* at 6.]

Based on Defendants' alleged violations of the June 6, 2023 Order summarized above, Plaintiff argues "an exclusionary sanction is warranted" and requests as a sanction pursuant to Rule 16(f) and 37(b)(2)(A)(ii), the Court issue an order (1) "prohibiting the Defendants from offering any evidence or argument concerning any allegedly deductible costs for purposes of determining Plaintiff's damages based on Defendants' profits" and (2) "prohibiting the Defendants from offering evidence or argument of any independent design efforts by the Defendants relative to Plaintiff's contention that Defendants simply copied Plaintiff's patented designed." [ECF No. 62 at 13–14.] Plaintiff also seeks an award of attorneys' fees and costs. [*Id.*]

### 2.    Defendants' Opposition

Defendants contend the motion should be denied because Defendants complied with the June 6, 2023 Order and Plaintiff's contentions regarding the evidence produced go to weight, not admissibility. [ECF No. 64 at 6.] Defendants address Plaintiff's allegations in two parts. First, with respect to evidence regarding damages, Defendants contend they complied with the June 6, 2023 Order by serving supplemental interrogatory responses that properly invoked Rule 33(d) and verified the information provided in contemporaneously produced Excel spreadsheets, ELY0001178 (Exhibits PP) and ELY0001179 (Exhibit QQ). [*Id.* at 8.] Defendants claim these summary spreadsheets itemize their revenue and costs for each of the four accused products and provide a computation and description of Defendants' revenue and costs. [*Id.* at 7–8.] Defendants also contend they properly invoked Rule 33(d) and produced third-party sales records, Elyel QuickBook records, and "as many business records that Defendants could compile that verify the type and nature of the costs incurred separate from charges incurred to Defendant at the time of each sale to customers." [*Id.* at 17–18.] Defendants claim they supplemented the information previously produced

to Plaintiff (*e.g.*, the April 7, 2023 summary) because they realized certain information was incorrect. According to Defendants, the most recent revenue and cost calculations reflect increased revenue and decreased costs, which is only favorable to Plaintiff. [*Id.* at 8–9.]

Second, with respect to the initial conception, initial design, and design evolution of the accused products, Defendants state they produced responsive documents months before the June 6, 2023 discovery conference and timely produced additional responsive documents following the June 6, 2023 Order. [*Id.*at 6, 15; see Mojtehedi Decl., Exh Y, Z AA-CC.]

In sum, Defendants argue that they have acted diligently and complied with the June 6, 2023 Order. They maintain drastic sanctions, such as issue or evidence preclusion, are inappropriate here because Defendants have not acted in bad faith and do not seek to benefit from their malfeasance to the detriment of their adversary. [*Id.* at 9, 20.]

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 16(f)

Federal Rule of Civil Procedure 16(f) provides for the imposition of sanctions on parties or their attorneys for failure to comply with pretrial orders. Rule 16(f) provides:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
>> (A) fails to appear at a scheduling or other pretrial conference;
>>
>> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>>
>> (C) fails to obey a scheduling or other pretrial order.
>
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).

**B.**     **Federal Rule of Civil Procedure 37(b)(2)(A)**

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Rule 37(b)(2)(A) provides sanctions for failure to obey a discovery order as follows:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>> (iii) striking pleadings in whole or in part;
>> (iv) staying further proceedings until the order is obeyed;
>> (v) dismissing the action or proceeding in whole or in part;
>> (vi) rendering a default judgment against the disobedient party; or
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Additionally, Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## III.     ANALYSIS

**A.**     **Plaintiff Failed to Establish Affirmative Compliance with Civil Local Rule 26.1**

Plaintiff brings its motion for exclusionary sanctions pursuant to Federal Rules of Civil Procedure 16.1(f) and 37(b)(2)(A); accordingly, the motion triggers Civil Local Rule

8

26.1. Local Rule 26.1 unambiguously provides that "[t]he Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred *concerning all disputed issues*." CivLR 26.1(a) (emphasis added). Local Rule 26.1 further requires that "[i]f counsel have offices in the same county, they are to meet in person. If counsel have offices in different counties, they are to confer by telephone. *Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence*." CivLR 26.1(a) (emphasis added). Similarly, Judge Dembin's Scheduling Order Regulating Discovery and Other Pretrial Proceedings For Non-Patent Claims, issued on November 9, 2022, included a directive to comply with Local Rule 26.1(a). [ECF No. 20.] This same requirement is reiterated in Judge Goddard's Order Granting Joint Motion to Extend Non-Patent Discovery Deadline and Reschedule Claim Construction Hearing Date, issued on May 30, 2023. [ECF No. 53.]

Local Rule 26.1(b) provides that "[a]t the time of filing any motion with respect to Rules 26 through 37, Fed. R. Civ. P., counsel for the moving party must serve and file a certificate of compliance with this rule." CivLR 26.1(b).

The Court finds Plaintiff failed to establish affirmative compliance with Local Rule 26.1. First, Plaintiff did not file a certificate of compliance but instead includes the following paragraph in Plaintiff's Notice of Motion:

> As set forth in the Declaration of Thomas H. Walters which is being filed with the Motion, this Motion is made following several conferences between counsel and ensuing correspondence seeking concurrence without success both before and on August 9, 2023.

[ECF No. 62-1 at 2.] The Court finds that this statement does not satisfy the certificate of compliance required by Local Rule 26.1(b). Furthermore, Plaintiff has not established compliance with Local Rule 26.1(a) prior to bringing the instant motion for exclusionary sanctions. While the notice vaguely references several conferences between counsel, review of the meet and confer efforts set forth in the accompanying declaration establish the parties exchanged written correspondence in anticipation of this motion only—the declaration does not attest to any in person or telephone conversations concerning the

9

requested exclusionary sanctions. [*See* ECF No. 62-7, ¶¶ 31–34.] As such, the meet and confer fails to comply with Local Rule 26.1(a)'s explicit directive. Thus, the Court finds the motion must be denied on procedural grounds.

### B.   Plaintiff's Motion for Exclusionary Sanctions

Even considering the merits, however, Plaintiff's motion for sanctions must be denied. Plaintiff moves for exclusionary sanctions pursuant to Rule 37(b)(2)(A)(ii) based on Defendants' alleged failure to comply with the June 6, 2023 Order. [*See generally* ECF No. 62.] Before reaching the propriety of the requested sanctions,[2] the Court must first determine whether Defendants failed to obey the June 6, 2023 Order. *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders."). The Court finds Plaintiff has not established a violation of the June 6, 2023 Order.

The crux of Plaintiff's motion is the June 6, 2023 Order made substantive rulings on Plaintiff's stricken motion to compel including (i) finding Defendants' use of Rule 33(d) and the summary Excels spreadsheets (ELY0001178 and ELY0001179) improper and (ii) ordering Defendants to fully answer Interrogatories 5 and 6, which Defendants failed to comply with. In particular, Plaintiff asserts "Defendants' attempt to shirk the mandate of this Court's Order by referring to Rule 33(d)" when "[t]he Court already ruled that referring to the summaries and making a document production was not sufficient." [ECF No. 62 at 8; *see also* ECF No. 62 at 10 ("Again, this is why the Court entered an Order requiring that the Defendants actually answer Interrogatory 5 and 6."); ECF No. 62 at 11 ("Again, this

---

[2] As noted above, Plaintiff moves to preclude Defendants from offering evidence concerning (i) any deductible costs for purposes of determining Plaintiff's damages based on Defendants' profits and (ii) any independent design efforts by Defendants to rebut the allegations that Defendants directly copied Plaintiff's patented design. [ECF No. 62 at 2.] Although Plaintiff's motion also cites the available sanction of "striking pleadings in whole or in part" under Rule 37(b)(2)(A)(iii) [ECF No. 62 at 7], Plaintiff does request or otherwise address striking Defendants' pleadings.

was the reason that the Court entered the Order in the first place. Defendants tried the 'see our summaries and document production' tactic already. The Court rejected that approach already and ordered the Defendants to actually answer Interrogatories 5 and 6."); ECF No. 71 at 1 ("This Court ordered Defendants to (a) answer the interrogatories <u>and</u> (b) produce supporting documents.") (emphasis in original).] Defendants, however, assert that during the June 6, 2023 discovery conference, they had already agreed to provide the requested information, so "the only issue before the Court then was *when*, not *if*, Defendants would be providing the agreed-upon discovery." [ECF No. 74 at 7 (emphasis in original).]

Both the title[3] as well as the plain language of the June 6, 2023 Order confirm that the June 6, 2023 Order set a deadline for Defendants to produce supplemental discovery responses and documents. [ECF No. 57.] Contrary to Plaintiff's argument, the June 6, 2023 Order did not order Defendants to fully answer the Interrogatories at issue—it required "verified, supplemental responses" which Defendants provided. [ECF No. 57 at 2 ("As discussed during the conference, no later than June 20, 2023, Defendants are ORDERED to produce: (1)Verified supplemental responses to Plaintiff's Interrogatories 5 and 6 contained in Plaintiff's First Set of Discovery Requests, directed to each Defendant.").][4]

---

[3] The June 6, 2023 Order is titled "ORDER: (1) SETTING DEADLINE FOR DEFENDANTS TO PRODUCE SUPPLEMENTAL DISCOVERY RESPONSES AND DOCUMENTS; and (2) SETTING MANDATORY SETTLEMENT CONFERENCE." [ECF No. 57.]

[4] In its reply, Plaintiff cites numerous cases where the court ordered the disobedient party to "fully answer" an interrogatory, yet the party still asserted Rule 33(d) objections. [ECF No. 71 at 4-5.] The Court finds these cases distinguishable from the circumstances here where the plain language of the June 6, 2023 Order did not require Defendants to "fully answer" Interrogatories 5 and 6. *C.f. Annie Oakley Enterprises, Inc. v. Amazon.com, Inc.,* No. 19-cv-1732, 2021 WL 2373779, at *2 (S.D. Ind. June 10, 2021) (the court granted motion to compel interrogatory No. 6 and ordered "Plaintiffs shall provide a complete and unequivocal response to Interrogatory No. 6"); *Fulghum v. Embarq Corp.*, No. 07-2602, 2012 WL 1893542, at *3 (D. Kan. May 24, 2012) ("Judge O'Hara's Order, however, directed Plaintiffs to completely and fully answer Interrogatory No. 2.").

Moreover, the parties did not brief, and the Court did not issue substantive rulings on, the propriety of numerous issues that Plaintiff now alleges are "flagrant violations" of the Court's June 6, 2023 Order, namely Defendants' reference to Rule 33(d) and reliance on the summary document in lieu of full and complete answers to Interrogatories 5 and 6. Based on the text of the June 6, 2023 Order and the record before the Court, the undersigned cannot conclude Defendants failed to obey the June 6, 2023 Order. *See* Fed. R. Civ. P. 37(b)(2)(A).

Plaintiff devotes significant attention in its motion and reply brief to arguing why Defendants' invocation of Rule 33(d) and reliance on the third iteration of the Excel spreadsheets (ELY0001178 and ELY001179) are improper. While the Court is sympathetic to Plaintiff's arguments as to the propriety of Rule 33(d) and reliance on the summaries in Defendants' supplemental interrogatory responses, the basis for Plaintiff's sanctions motion is the June 6, 2023 Order ***already ruled*** Defendants' use of Rule 33(d) and reference to the Excel summaries were improper and Defendants were thus required to fully answer the Interrogatories 5 and 6. As discussed above, the Court finds the June 6, 2023 Order did not go so far.

Finally, though the bulk of Plaintiff's motion for exclusionary sanctions concerns Defendants' responses to Interrogatories 5 and 6, Plaintiff also argues Defendants violated the June 6, 2023 Order based on the sufficiency of Defendants' production of (1) "Documents to support the costs and revenue numbers contained in Defendants' 'Summary of Revenue, Costs, and Profit Information' previously produced to Plaintiff on April 7, 2023" and (2) "Documents reflecting initial conception, initial design, and design evolution of each of Defendants' accursed products at issue in this case." Plaintiff, however, acknowledges Defendants produced certain documents for each category in response to the Court's June 6, 2023 Order, and there is no evidence before the Court that Defendants are improperly withholding documents.

However, given the attestation from Defendants' Chief Executive Officer, Chanwoo Lee, that Defendants had poor recordkeeping and record retention prior to 2022 and

difficulties with finding responsive documents related to the accused products [*see* ECF No. 64-1, Lee Decl. ¶¶ 5–6] and Defendants' numerous, unverified representations in their briefing that they produced all the documents they were able to locate,[5] the Court finds it appropriate for Defendants to provide a declaration confirming these representations. Specifically, each Defendant must provide a declaration under oath clarifying that, for each of the document categories listed in the June 6, 2023 Order,[6] that either (1) it has produced all responsive, non-privileged documents in its possession, custody, or control located after a diligent search and reasonable inquiry or (2) after a diligent search and reasonable inquiry, Defendant has no documents in its possession, custody or control. *See Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791, 2023 WL 5505889, at *5, 7 (C.D. Cal. July 28, 2023) (listing cases requiring a party to provide verified responses to document requests and ordering "[i]f [the responding party] contends that no further documents exist that are responsive to a request, it must expressly so state in a verified response")]; *see also Lever Your Bus., Inc. v. Sacred Hoops & Hardwood, Inc.*, No. EDCV191530, 2021 WL 243308, at *12, 14 (C.D. Cal. Jan. 25, 2021). Defendants must each provide the declarations within seven days of the date of this Order.

//

//

//

---

[5] *See, e.g.*, ECF No. 64 at 17–18 (representing Defendants produced "as many business records that Defendants could compile that verify the type and nature of the costs incurred separate from charges incurred to Defendant at the time of each sale to customers"); ECF No. 74 at 5–6 ("In sum, Defendants have provided all the information they could reasonably locate in their possession to respond to the interrogatories").

[6] For purposes of clarity, this refers to (1) "documents to support the cost and revenue numbers contained in Defendants' 'Summary of Revenue, Cost, and Profit Information' previously produced to Plaintiff on April 7, 2023" and (2) "documents reflecting the initial conception, initial design, and design evolution of each of Defendants' accused products at issue in this case." [ECF No. 57 at 2.]

13

1

## IV. CONCLUSION

2

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Sanctions. The

3

Court further **ORDERS** as follows:

4

1.      Within **seven calendar days of the date of this Order**, each Defendant must

5

provide to Plaintiff's Counsel a declaration, under oath, clarifying its document production,

6

as set forth above, for each of the document categories listed in the June 6, 2023 Order. To

7

the extent further clarification of a document subcategory is necessary (*e.g.*, separately

8

clarifying initial conception document production from initial design document

9

production), the parties must meet and confer in accordance with the undersigned's

10

Chambers Rules to determine the appropriate scope for the declarations.

11

2.      The Court hereby **SETS** a discovery conference via videoconference for

12

**November 29, 2023 at 3:00 p.m.** Counsel shall be prepared to discuss the underlying

13

discovery dispute(s) and Defendants' forthcoming declarations, including whether

14

resolution of any of the outstanding issues identified in the parties' briefing is necessary.

15

**IT IS SO ORDERED**.

16

Dated:  November 21, 2023

17

HON. MICHELLE M. PETTIT
United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

14